UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, ET AL., | * * | |
| Plaintiffs | * | |
| v. | * | Civil Case No. 8:23-cv-02080-AAQ |
| ORNELL FIRE SPRINKLER, INC., ET AL., | * * | |
| Defendants | * | |

**MEMORANDUM OPINION AND ORDER**

This is an action seeking payment of delinquent contributions owed to several multiemployer pension plans under the Employee Retirement Income Security Act ("ERISA"). Pending before the court is Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund, the International Training Fund and Road Sprinkler Fitters Local Union 669 Work Assessments, Extended Benefit Fund and Industry Advancement Fund's ("Plaintiffs" or "Funds") Motion for Default Judgment. ECF No. 12.  For the reasons discussed below, the Motion shall be granted.

**BACKGROUND**

According to the Complaint, Plaintiffs are Maryland-based multiemployer pension benefit plans.  ECF No. 1, at 3.  Employers, like Defendant Ornell Fire Sprinkler, Inc. (OFS), agree to contribute to the Funds pursuant to collective bargaining agreements for each hour of work their employees perform installing automatic sprinkler systems.  *Id.* at 4.  Defendant OFS was

1

contractually and legally obligated to submit contributions to the Funds as a signatory to such an agreement. *Id*. As a result of problems Defendant OFS was having making the required payments, OFS and the Funds entered into a Settlement Agreement "allowing for a systematic payment over time of all amounts owed to the NASI Funds." *Id.* Specifically, the Settlement "required the payment of the principal amount of $343,487.02 by said Defendant to the NASI Funds in monthly installment payments over a period of thirty-six months." *Id.* at 4-5. The Settlement further allowed the Funds to recoup $195,028.51 in liquidated damages that would have been owed under the original Agreement should OFS fail to make the payments in a timely manner. *Id.* at 5. Defendants Louis H. Ornelas, Jr., Salinda L. Ornelas and Brandon J. Ornelas ("the individual defendants") personally executed the Settlement, pursuant to which they committed themselves to act as guarantors for all amounts OFS owed to the Funds. *Id.* OFS made the payment for February 2023 late and, at the time of the Complaint, had failed to make the required payments in May and June 2023, thus breaching the Settlement. *Id.*

On August 2, 2023, Plaintiffs brought this action seeking payment of Defendants' unpaid delinquent contributions for May and June 2023 and any that become due after the filing of this action, pre-judgment interest, liquidated damages as the Agreement permits, and all reasonable attorneys' fees and costs of suit. *Id.* at 7-8. On August 14, 2023, a summons was issued to all Defendants. ECF No. 5. On August 17, 2023, Plaintiffs returned a waiver of service of summons as to each of the Defendants. ECF Nos. 7, 8, 9, 10. Defendants' response to Plaintiffs' Complaint was due on or before October 16, 2023. Defendants failed to make an appearance or answer the Complaint.

On January 3, 2024, Plaintiffs moved for a Clerk's Entry of Default against Defendants, ECF No. 11, and the Clerk entered an Order of Default against Defendants. ECF No. 13. Notice of the Clerk's Order was issued to each Defendant. ECF Nos. 14, 15, 16, 17.

On January 3, 2024, Plaintiffs also moved for Default Judgment against Defendants in the amount of $699,370.24, plus costs, interest and fees. ECF No. 12-1, at 2; ECF No. 12-4, at 5. In support, Plaintiffs attached the affidavit of Anna E. Bosmans, Assistant Fund Administrator of the Funds, which details the amount Defendants owed to the Funds. ECF No. 12-4. Plaintiffs also attached the affidavit of Charles W. Gilligan, Plaintiffs' counsel, in support of Plaintiffs' request for reasonable attorneys' fees and costs. ECF No. 12-19. According to the Motion, after Plaintiffs filed this case, Defendant OSF made the missing payments for May and June 2023, but has since failed to make the required payments for July through October 2023. ECF No. 12-4, at 4. Despite the Clerk's Entry of Default, none of the Defendants have appeared or taken any action in the case.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is a matter within the discretion of the Court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421). Default judgment is proper when a

3

defendant is unresponsive.  *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896–97 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pled factual allegations in the complaint, other than those pertaining to damages.  Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)).

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded."  *See, e.g., Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972 at *2-*3 (D. Md. Apr. 9, 2012); *United States v. Nazarian*, No. DKC 10-2962, 2011 WL 5149832 at *2-*3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544-45 (D. Md. 2011).   Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pled and, consistent with the Court's discretion to grant default judgment, relief based on those allegations should be denied.  *Balt. Line Handling Co.*, 771 F. Supp. 2d at 544–45 (internal quotation marks

4

omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

## ANALYSIS

### I.     Jurisdiction and Venue

This court has jurisdiction over Plaintiffs' claim pursuant to section 502(e) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e).  29 U.S.C. § 1132(e)(1) provides that "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, [or] fiduciary . . . ." Plaintiffs' action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145. Plaintiffs are fiduciaries of the accounts at issue.  ECF No. 1, at 4.  Therefore, all jurisdictional requirements of ERISA are met.

Additionally, venue is proper in this judicial district because the Funds are administered in Landover, Maryland, which is located in this District.  ECF No. 1, at 3.  *See* 29 U.S.C. § 1132(e)(2) (stating that venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . .").

### II.    Employee Retirement Income Security Act Claim

Section 515 of ERISA provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Employers who fail to make such contributions are liable in a civil action for unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable

5

attorneys' fees and legal costs, and any other relief the Court deems appropriate. 29 U.S.C. § 1132(a), (g). To establish ERISA liability, Plaintiffs must show that Defendants were obligated to make contributions to the Funds under the terms of a collective bargaining agreement and that Defendants failed to make such contributions.

Plaintiffs have sufficiently established the above elements. The Funds are multi-employer plans within the meaning of ERISA. ECF No. 1, at 3. Defendant OFS is an employer that has agreed to participate in the Funds by assenting to a collective bargaining agreement with a labor union. ECF No. 12-4, at ¶ 4. The collective bargaining agreement to which Defendant assented requires Defendant OFS to make payments and submit reports to the Funds. ECF No. 12-5, at 31-39; ECF No. 12-6, at 1. In March 2021, Defendant OFS entered into a new agreement which extended the terms of the Agreement through March 2025. ECF No. 12-7. When OFS experienced problems making the required payments, it entered into a Settlement Agreement pursuant to which the Individual Defendants agreed to personally guarantee the amounts owed. ECF No. 12-4, at 4. Plaintiffs have submitted a declaration establishing that the payments for February, May and June 2023 were made late, thus subjecting OFS to additional liquidated damages. *Id.* at 5; *see e.g.* ECF No. 12-12, at 21. Additionally, as laid out in the declaration, Defendant OFS has not made any of the required payments for July through October 2023. ECF No. 12-4, at 4. Therefore, ERISA's elements are met, and Plaintiffs have established liability.

### III.   Damages

If the complaint alleges facts sufficient for the Court to find liability, then the Court turns to damages. *Walsh v. Yost*, No. 8:20-cv-00449-PX, 2022 WL 9362277, at *2 (D. Md. Oct. 14, 2022). Damages are limited to what is requested in the Complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the

pleadings."). The damages request must be supported by evidence introduced either at a hearing, by affidavit, or by other records. *See id.*; *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010). Plaintiffs may recover: (1) delinquent contributions; (2) any interest on the delinquent contributions; (3) liquidated damages in "an amount equal to the greater of . . . (i) interest on the [delinquent] contributions, or . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the delinquent contributions; (4) reasonable attorneys' fees and costs; and (5) "such other legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). "[W]hile the Court may hold a hearing to prove damages, it is not required to do so. It may instead rely on 'detailed affidavits or documentary evidence to determine the appropriate sum.'" *Trs. Of Nat'l Elec. Benefit Fund v. All Nu Elec. Contracting Corp.*, No. GJH-22-0544, 2023 WL 1416553, at *2 (D. Md. Jan. 31, 2023) (citing *Adkins v. Tesco*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)).

The supporting documentation establishes the amount due. Plaintiffs' declaration and supporting documents establish that OFS owed the Funds $196,619.71 for July through October 2023. ECF No. 12-4, at 4; ECF No. 12-18. The Trust Agreements to which OSF assented specify that the Funds may collect interest at a rate that does not exceed the rate allowed under the Internal Revenue Code, liquidated damages in the amount of twenty percent (20%) of the delinquent contributions, and expenses incurred in enforcing the Agreement. ECF No. 12-4, at 5; ECF No. 12-11, at 24; ECF No. 12-12, at 21-22; ECF No. 12-13, at 22-23; ECF No. 12-14, at 21-22; ECF No. 12-15, at 27. The recovery of such costs is permitted by the enforcement provision of ERISA. *See* 29 U.S.C. § 1132(g)(2). Plaintiffs calculate $9,559.69 in interest; $70,838.60 in liquidated damages resulting from the unpaid payments; $195,028.51 in liquidated damages previously owed that had been foresworn when the Settlement was reached; and $236,883.43 as the remaining

7

principal due under the Collective Bargaining Agreement.  ECF No. 12-4; ECF No. 12-18.  Further, Plaintiffs have provided documentation demonstrating that they have spent an additional $2,232 in attorneys' fees and legal costs pursuing this action.  ECF No. 12-19, at 2; ECF No. 12-20.  Each of these demands shall be awarded.

## CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion for Default Judgment shall be granted in the amount of $711,161.94.

So ordered.

Date: February 15, 2024

_____/s/_____
Ajmel A. Quereshi
U.S. Magistrate Judge